# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

FRANK NALI,

    Plaintiff,

v.

CITY OF GROSSE POINTE WOODS,
ANTHONY CHALUT, CITY OF
GROSSE POINTE FARMS,
DAVID GARDZELLA, ANDREW
PAZUCHOWSKI, RICHARD ROSATI,
and JOHN DOES,

    Defendants.
_____/

CASE NO. 04-CV-10235-BC

DISTRICT JUDGE DAVID M. LAWSON
MAGISTRATE JUDGE CHARLES BINDER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANTS CITY OF GROSSE POINT FARMS AND RICHARD ROSATI'S MOTION TO DISMISS
(Dkt. 51)
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
(Dkt. 54)
## AND PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT
(Dkt. 56)

## I.  RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendants' Motion to Dismiss and Motion for Summary Judgment be **GRANTED** and that Plaintiff's Motion for Leave to Amend Complaint be **DENIED**.[1]

---

[1] In the event that this Report and Recommendation is adopted, Plaintiff's Motion to Compel Defendants to Produce the Identity of John Doe (Dkt. 62) will be moot.

## II. REPORT

### A. Introduction

By order of U.S. District Judge David M. Lawson, this case was referred to the undersigned Magistrate Judge for general case management on September 16, 2004. Pending are the above-entitled motions. Plaintiff has filed responses opposing Defendants' motions (Dkts. 58 & 59), and Defendants have filed replies (Dkts. 64 & 65). Defendants have also filed a response to Plaintiff's motion to amend complaint. (Dkt. 60.) Plaintiff thereafter filed addenda to his earlier responses. (Dkts. 67 & 68.) Upon review, I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), these motions are ready for Report and Recommendation without oral argument.

### B. Facts and Procedural History

Plaintiff,[2] currently an inmate in the custody of the Michigan Department of Corrections ("MDOC") and housed at the Saginaw Correctional Facility, filed his *pro se* complaint on September 23, 2004. (Dkt. 4.) Named in his original *pro se* complaint[3] was the City of Grosse Pointe Woods, the City of Grosse Pointe Farms, Lynn Pierce, a municipal judge for the City of Grosse Pointe Farms, Anthony Chalut, and various John Doe defendants. Defendant Pierce filed a motion to dismiss based on the doctrine of absolute judicial immunity. (Dkt. 12.) On February 2, 2005, I issued a Report and Recommendation suggesting the grant of the motion and the dismissal of Defendant Pierce. (Dkt. 23.) That recommendation was adopted on April 19, 2005. (Dkt. 38.) While this motion was under consideration, Plaintiff also filed a motion for default judgment. (Dkt. 24.) This motion was denied by District Judge Lawson on February 28, 2005.

---

[2] Interestingly, in a matter unrelated to this case, the Michigan Court of Appeals stated that Plaintiff "is highly educated and holds both medical and law degrees[.]" *People of the State of Michigan v. Frank Nali*, (unpublished op.), Dkt. 54, Ex. H at 2.

[3] Records of this Court indicate that this Plaintiff has filed at least 16 other *pro se* lawsuits.

2

(Dkt. 30.) After the denial of this motion, Plaintiff filed a motion for reconsideration, and later, a notice of appeal. The appeal was dismissed on May 20, 2005, by the United States Court of Appeals for the Sixth Circuit. (Dkt. 42.)

During the appeal of Plaintiff's request for default judgment, Plaintiff filed a motion for joinder of persons. (Dkt. 36.) That motion was granted in part by this Magistrate Judge on May 16, 2005. (Dkt. 41.) Two weeks later, Plaintiff filed an amended complaint. Named as defendants in the amended complaint are the City of Grosse Pointe Woods, the City of Grosse Pointe Farms, Municipal Judge Pierce, even though previously dismissed, Anthony Chalut, Andrew Pazuchowski, David Gardzella, Richard Rosati and various John Does. (Am. Compl., Dkt. 44.) In the introductory paragraphs of the amended complaint, Plaintiff asserts that none of the defendants are entitled to any form of immunity. (*Id*. ¶ 7.)

The amended complaint contains eleven counts, alleging violations of 42 U.S.C. § 1983 (Count I); violations of 42 U.S.C. § 1985 (Count II); negligence (Count III); violation of M.C.L. 780.567 (Count IV); invasion of privacy (Count V); wrongful imprisonment (Count VI); intentional misconduct (Count VII); trespass (Count VIII); infliction of emotional distress (Count IX); negligent supervision and training (Count X); and respondeat superior (Count XI). Plaintiff alleges that all the named defendants are police officers and that "all defendants directly or indirectly assisted in depriving plaintiff of his right of liberty and property by the illegal entry on his residence, by executing an illegal search, and removing his property." (*Id*. ¶ 10.)

Considerable additional light is shed upon Plaintiff's allegations by the exhibits attached to the motion for summary judgment. (Defs.' Mot., Dkt. 54.) On September 19, 2002, Defendant Detective Chalut sought a search warrant for an address in Grosse Pointe Farms and the person of Plaintiff. (*Id*. at Ex. A.) The search warrant requested any videotapes, computer hardware or

3

software which may have contained images of Plaintiff engaged in sexual activity with a "witness," any sexual devices captured on video, and linens or bed coverings depicted in videos while the "witness" and Nali were engaged in sexual activity.

In support of the search warrant application, Detective Chalut stated that the witness told him that the witness's ex-husband and several other family members had received anonymous packages containing a letter and videotape depicting the witness inside Nali's home engaged in apparent sexual activity which was recorded without her consent. The witness stated to Chalut that she had had a sexual relationship with Nali for some years but that it had recently ended and that Nali had threatened to distribute videotapes of their encounters to others. According to the affidavit, the witness's sister-in-law observed a person fitting Nali's physical description walking away from the witness's home, and thereafter, in checking the mailbox, the witness discovered a videotape and letter. The witness stated that the scenes that were depicted in the videotape had been recorded approximately seven years previously. The request to search was granted and the warrant signed by Municipal Judge Pierce. (*Id*.) The search warrant was executed the same day.[4] The return of the search warrant indicates that Plaintiff's passport was confiscated, along with videotapes, numerous photos, papers and sexual devices, a computer, a comforter, and a camcorder with tripod. (*Id*.)

On October 2, 2002, Municipal Judge Pierce signed a five-count felony warrant and complaint, charging Defendant with extortion, stalking, and three counts of obscenity, all in violation of Michigan law. (*Id*. at Ex. D.) Subsequently, on January 3, 2003, Wayne County

---

[4]Additional details relating to the investigation which led to the search warrant and its accompanying affidavit appear in an Investigator's Report signed by Defendant Detective Chalut, reviewed and approved by Defendant Detective Sgt. Pazuchowski, and dated two days prior to the affidavit and search warrant. (*Id*. at Ex. B.)

4

Michigan Circuit Judge Kym Worthy granted a motion made by Defendant to quash the search warrant. (*Id.* at Ex. E.) The case ultimately proceeded to trial, and on February 26, 2003, Plaintiff was found guilty of extortion. (*Id.* at Ex. F.) Records on the MDOC web site indicate that Plaintiff was subsequently sentenced to 13 to 20 years' imprisonment.

    **C.    Law and Analysis**

    **1.    Governing Legal Principles**

        **a.  Motion for Dismissal**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal for failure to state a claim upon which relief can be granted. "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir.1993). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir.1984)). Accordingly, when deciding a dismissal motion, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176 (6th Cir. 1996) (citing *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993)).

        **b.  Motion for Summary Judgment**

A motion for summary judgment will be granted under Rule 56(c) where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). All facts and inferences must be viewed in the light most favorable

to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (citing *Celotex Corp. v Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). In determining whether the moving party has met its considerable burden, a court may consider the plausibility of the moving party's evidence. *Matsushita*, 475 U.S. at 587-88. Summary judgment is also proper where the moving party shows that the non-moving party is unable to meet its burden of proof. *Celotex*, 477 U.S. at 326.

In response, the non-moving party cannot rest merely on the pleadings alone. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Instead, the non-moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 339-40 (6th Cir. 1993). When the non-moving party fails to adequately respond to a summary judgment motion, a district court is not required to search the record to determine whether genuine issues of material fact exist. *Street*, 886 F.2d at 1479-80. Instead, the court will rely upon the "facts presented and designated by the moving party." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 404 (6th Cir. 1992). The Sixth Circuit explicitly instructs that it is "utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion." *Id.* at 406.

After examining the evidence designated by the parties, the court then determines "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so

6

one-sided that one party must prevail as a matter of law.'" *Booker v. Brown & Williamson Tobacco Co., Inc.,* 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

### 2. Qualified Immunity

The primary argument advanced by all of the individual defendants is that their actions are shielded by qualified immunity. They argue that immunity attaches by virtue of their execution of a facially valid search warrant executed by a Michigan municipal judge. Plaintiff's primary argument is that because the search warrant was quashed by the Michigan Circuit Judge, it is to be considered invalidated, and all actions taken in reliance upon the warrant are illegal.

The U.S. Supreme Court has explained that the defense of qualified immunity shields "government officials performing discretionary functions generally . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). The rationale underlying the doctrine is that "an official could not reasonably be expected to anticipate subsequent legal developments, nor could he fairly be said to 'know' that the law forbade conduct not previously identified as unlawful." *Id.* Qualified immunity further recognizes that "[i]t is sometimes difficult for an officer to determine how the relevant legal doctrine will apply to the factual situation he confronts. 'If the officer's mistake as to what the law requires is reasonable, . . . the officer is entitled to the immunity defense.'" *Greene v. Barber*, 310 F.3d 889, 894 (6th Cir. 2002) (quoting *Saucier v. Katz*, 533 U.S. 194, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001)).

The defense of qualified immunity "can be raised at various stages of the litigation including at the pleading stage in a motion to dismiss, after discovery in a motion for summary judgment, or as an affirmative defense at trial." *English v. Dyke*, 23 F.3d 1086, 1089 (6th Cir. 1994) (citing *Kennedy v. City of Cleveland*, 797 F.2d 297, 299-300 (6th Cir. 1986)). "[A] defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery" unless "the plaintiff's allegations state a claim of violation of clearly established law." *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985). "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202.

### 3. Discussion

#### a. Civil Rights Claim – Count I

Where search warrants are at issue, in order to be shielded by qualified immunity, a defendant's reliance on the search warrant must have been objectively reasonable. *Malley v. Briggs*, 475 U.S. 335, 344-45, 106 S. Ct. 1092, 1097-98, 89 L. Ed. 2d 271 (1986). "Only where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable, will the shield of immunity be lost." *Id*. (citation omitted). The issue then, is whether "a reasonably well-trained officer in [defendant's] position would have known that his affidavit failed to establish probable cause and that he should not have applied for the warrant." *Id.; see also Hutsell v. Sayre,* 5 F.3d 996, 1003 (6th Cir. 1993).

I suggest that the search warrant was facially valid, and that a reasonably well-trained officer could have concluded that the affidavit established probable cause. In his affidavit, Detective Chalut recites the breakdown of a marital, and a later sexual, relationship between the

Complainant and the "Defendant" (the Plaintiff in this case), as well as of telephone calls and threats by the Plaintiff to expose the matter to the Complainant family. (Dkt. 54 at Ex. A.) Plaintiff is said to have gone to Complainant's home and refused to leave. Detective Chalut recites that a few days later the Complainant found a strange unsigned letter in her mailbox printed by a computer printer and said to have Plaintiff's handwriting on the envelope. (*Id.*)

The United States Supreme Court teaches that the assessment of probable cause involves "a practical, common-sense decision whether, given all of the circumstances set forth in the affidavit . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983). Under this standard, I suggest that this affidavit was not so lacking in indicia of probable cause as to make reliance on it objectively unreasonable. Plaintiff's arguments to the contrary fail, as they are ultimately based on conclusory assumptions unsupported by specific facts. The fact that another judge later found the search warrant unsupported by probable cause does not in and of itself render Detective Chalut's actions three months earlier objectively unreasonable. I therefore suggest that qualified immunity applies to shield Detective Chalut's actions in preparing the affidavit and obtaining the search warrant.

As to the other individual defendants, they simply executed the search warrant obtained by Chalut. In such a case, "for purposes of section 1983 immunity, an officer is entitled to assume the validity of a search warrant secured by fellow officers." *Morris v. Tehama Co.*, 795 F.2d 791, 795 (9th Cir. 1986) (*citing Whiteley v. Warden, Wyoming State Penitentiary*, 401 U.S. 560, 568, 91 S. Ct. 1031, 1037, 28 L. Ed. 2d 306 (1971)); *see Salmon v. Schwarz*, 948 F.2d 1131, 1140-41(10th Cir. 1991) (officer who merely executed facially valid warrant entitled to qualified immunity). They acted reasonably in relying upon a search warrant obtained by another officer

and signed by a municipal judge. The fact that some of the officers were members of an adjoining municipality's police department does not, I suggest, invalidate their assertion of qualified immunity, as the appropriate inquiry is not the police department with which they are associated, but the validity of the search warrant they are executing. I therefore suggest that the grant of Defendants' motions as to this count is appropriate.

### b. Conspiracy Claim – Count II

In Count II, Plaintiff alleges that the Grosse Pointe Farms Defendants conspired with the Grosse Pointe Woods Defendants "because of a prior lawsuit between plaintiff and [Grosse Pointe Farms]." (Am. Compl., Dkt. 44 at ¶ 16.) In support of this assertion, Plaintiff states that "Defendants [Grosse Pointe Woods] and its officers summoned [Grosse Pointe Farms] and its officers to assist them in the illegal search and seizure. In accepting the request, it constituted an agreement to the illegal action." (*Id*. ¶ 17.) Plaintiff alleges that all Defendants knew or should have known that the search warrant was illegal and therefore conspired to deprive Plaintiff of his constitutional rights. (*Id*. ¶ 19.)

In this circuit:

> [t]he standard for proving a § 1983 conspiracy claim was set forth by this court in *Hooks v. Hooks*, 771 F.2d 935 (6th Cir. 1985):
>
>> A civil conspiracy is an agreement between two or more persons to injure another by unlawful action. Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy. Each conspirator need not have known all of the details of the illegal plan or all of the participants involved. All that must be shown is that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.
>
> *Id.* at 943-44. "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by

material facts will not be sufficient to state such a claim under § 1983." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). . . . " *Weberg v. Franks*, 229 F.3d 514, 528 (6th Cir. 2000) (alteration in original).

*Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003).

Under this standard, I suggest that Plaintiff's allegations fail to pass muster. Plaintiff seeks to bootstrap a prior lawsuit between himself and one or more of the officers into a civil rights conspiracy against him. I fail to see how this fact gives rise to a "general conspiratorial objective" and is anything other than a "vague and conclusory allegation[] unsupported by material facts." *Spadafore, supra.* I therefore suggest that the dismissal of this count is appropriate.

    **c.    Municipal Defendants–Counts X and XI**

I note first that in Count XI Plaintiff alleges that the municipal defendants are liable under the theory of respondeat superior. In Count X, Plaintiff alleges that the municipal defendants failed to "properly train and supervise their police officers in their duties regarding search warrants and procedures involved thereupon. (Dkt. 44 at ¶ 60.) As to Plaintiff's assertions in Count XI, it is well settled, however, that municipalities cannot be found liable based on theories of respondeat superior or vicarious liability for section 1983 violations by their employees. *Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24, 105 S. Ct. 2427, 2436-37, 85 L. Ed. 2d 791 (1985); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037, 56 L. Ed. 2d 611 (1978).

As to Count X, even if Plaintiff's complaint presented a claim of municipal liability under section 1983, plaintiff has failed to come forward with sufficient facts to oppose Defendants' motion for summary judgment. In order for the municipal defendants to be liable under section 1983, Plaintiff must show that the alleged injuries were inflicted pursuant to a governmental custom, policy, or practice. *Id.* Plaintiff's recitation of "duties regarding search warrants and procedures involved thereupon" (Dkt. 44 at ¶ 60) is simply insufficient under these standards. In

addition, a single incident of unconstitutional activity does not establish an official policy or practice of a municipality sufficient to render the municipality liable for damages under section 1983. *Tuttle*, 471 U.S. at 823.

It is therefore clear, I suggest, that plaintiff has failed to meet his burden under *Monell*. He has made no showing of any specific policy or practice on the part of the municipal defendants that led to the alleged constitutional violations. There is no basis or support for Plaintiff's conclusory allegations that these Defendants are liable under section 1983. Plaintiff's pleadings provide no factual support or specific instances for their claim against the municipal defendants. I therefore suggest that the grant of defendant's motions as to these counts is appropriate.

### d.        Pendent State Law Claims – Counts III through IX

Because I suggest that summary judgment or dismissal be entered for all Defendants on the federal claims, I further suggest that this Court not exercise its discretion to entertain the remaining pendent state claims. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966) (noting that generally "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.")

### 4.        Plaintiff's Motion for Leave to Amend

Plaintiff seeks leave to file an amended complaint in order to specify the identity of "John Doe" Defendants, allege "class-based animus" on the part of Defendants, and further elaborate upon his invasion of privacy claim. Rule 15 of the Federal Rules of Civil Procedure governs amendments of pleadings. When a party wishes to amend a pleading after the opposing party's responsive pleading has been served, it may only do so by leave of court or by written consent of the adverse party. FED. R. CIV. P. 15(a). When a motion for leave to amend is before the court, Rule 15(a) provides that "leave shall be freely given when justice so requires." *Id.* "Although

Rule 15(a) indicates that leave to amend shall be freely granted, a party must act with due diligence if it intends to take advantage of the Rule's liberality," *United States v. Midwest Suspension & Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995), because, despite the Rule's liberality, leave to amend "is by no means automatic." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845-46 (5th Cir. 1992).  The decision to grant or deny a motion to amend pleadings is left to the sound discretion of the district court.  *Robinson v. Michigan Consol. Gas Co., Inc.*, 918 F.2d 579, 591 (6th Cir. 1990).

> When determining whether to grant leave to amend, the court is to consider several factors:
>
> Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision.  Delay by itself is not sufficient reason to deny a motion to amend.  Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted.

*Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989) (quoting *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973)).  In addition to these factors, courts must also take into account whether the moving party is seeking to add claims or to add parties, because amendments seeking to add claims are generally granted more freely than amendments adding parties.  *Union Pac. R.R. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991).

In this case, Defendants argue that Plaintiff's requested amendments are futile.  Futility of amendment may be found if defendants can show that the proposed amendments are incapable of surviving a motion to dismiss.  *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) ("A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss"); *Hahn v. Star Bank*, 190 F.3d 708, 715-16 (6th Cir. 1999) (affirming district court's denial of motion to amend on futility grounds where none of the proposed amendments

13

would be able to withstand a motion to dismiss); *Sinay v. Lamson & Sessions Co.,* 948 F.2d 1037, 1041 (6th Cir. 1991).

As discussed earlier, I suggest that Plaintiff cannot make out a civil rights claim against any of the officers who obtained or participated in the execution of the search warrant forming the basis of his complaint. As a result, I further suggest that the proposed amendments are futile, and that Plaintiff's motion to amend be denied.

### III.   REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                        s/ *Charles E Binder*
                                        CHARLES E. BINDER
Dated: December 22, 2005                United States Magistrate Judge

## **CERTIFICATION**

    I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on G. Gus Morris, and served in the traditional manner on John E. McSorley, Frank Nali, and Honorable David M. Lawson.


Dated: December 22, 2005              By    s/Mary E. Dobbick
                                                              Secretary to Magistrate Judge Binder